1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

10   TERESA A. LAMB-RAMIREZ,

11                    Plaintiff,

12          v.

13   CAROLYN W. COLVIN, Acting
     Commissioner of the Social Security
14   Administration,

15                    Defendant.

16

CASE NO. 2:15-cv-01174 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

17          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18   Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19   Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20   Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 14, 15, 19).

21          After considering and reviewing the record, the Court concludes that the ALJ

22   erred when reviewing the medical evidence. Although plaintiff received a diagnosis of

23   fibromyalgia, the ALJ failed to discuss this significant, probative evidence. In addition,

24

the ALJ failed to provide specific and legitimate reasons for the failure to credit fully the opinion from an examining psychologist that plaintiff would have better prospects of returning to work after her anxiety decreased and her confidence increased.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this Order.

## BACKGROUND

Plaintiff, TERESA A. LAMB-RAMIREZ, was born in 1967 and was 35 years old on the alleged date of disability onset of September 1, 2003 (*see* AR. 204-05, 206-12). Plaintiff graduated from high school and has taken some college classes (AR. 874, 876). Plaintiff has past work experience as a home attendant, teacher's aide, as a waitress and selling insurance (AR. 77, 270-81). Plaintiff's last job was selling insurance in a friend-owned business, but ended when there was a confrontation with the owners (AR. 70).

According to the ALJ, plaintiff has at least the severe impairments of "obesity, breast cancer, degenerative disc disease, sleep disorder, problems with knees bilaterally, depressive disorder, anxiety-related disorder, and personality disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 21).

At the time of the hearing, plaintiff was living in a home with her three children (AR. 45).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42

U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 85-91, 92-98, 101-112, 113-127). Plaintiff's requested hearing was held before Administrative Law Judge Glenn Meyers ("the ALJ") on June 13, 2013 (*see* AR. 37-82). On November 6, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 15-36).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred when he failed to adopt the opinion of examining psychologist Dr. Sylvia Thorpe, Ph.D., that plaintiff would be able to work only after her anxiety is reduced; (2) Whether or not the ALJ erred when he did not find that plaintiff's medical conditions of fibromyalgia and migraine headaches are severe impairments; (3) Whether or not the ALJ erred when he failed to comply with SSR 02-1p in his evaluation of plaintiff's severe impairment of morbid obesity, and how her obesity affects her functional limitations; and (4) Whether or not the ALJ erred when he found plaintiff not fully credible concerning her functional limitations in his residual functional capacity determination (*see* Dkt. 14, pp. 1-2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

<u>DISCUSSION</u>

(1)    **Whether or not the ALJ erred when he failed to adopt the opinion of examining psychologist Dr. Sylvia Thorpe, Ph.D., that plaintiff would be able to work only after her anxiety is reduced.**

Plaintiff contends that the ALJ erred when evaluating the medical evidence from examining doctor, Dr. Sylvia A. Thorpe, Ph.D. Defendant contends that even if the ALJ erred when interpreting this medical evidence, the error is harmless because the ALJ does not need to credit an opinion about an inability to work.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

Here, Dr. Thorpe conducted a mental status examination of plaintiff and included the following in her final conclusions:

> [Plaintiff] has been able to work a variety of jobs in the past, the longest time being 3-4 years of doing housekeeping with a friend. She lost her last job 1-2 years ago after a disagreement with another friend who was her boss, and she is not attempted to work since that time. Her obesity may restrict which is able to do on a job requiring manual labor, but she is a high school graduate and has been able to work as a waitress,

housekeeper, and bartender. Vocational training-while she is continuing to take oral medications for recovery from March 2012 breast cancer and radiation treatment-may assist her to return to work.

As her anxiety decreases and her confidence in being able to manage situations herself increases she will have a better prospect for returning to work and having a more satisfying daily life. Medications, cognitive-behavioral therapy, stress management classes, and vocational training could all contribute to this brighter future. At the same time, she will have to avoid use of all addictive substances.

(AR. 879-80).

It is very clear from these conclusions that Dr. Thorpe in the first paragraph is talking about a period of time "in the past," and in the second paragraph, she's talking about a potential "brighter future" (*see id.*). In the doctor's second paragraph, the phrase "[a]s her anxiety decreases and her confidence . . . . increases she will have a better prospect for returning to work," clearly indicates the opinion that certain conditions, *i.e.*, plaintiff's anxiety decreasing and her confidence increasing, could lead to a certain result, that being a better chance at being able to return to work (*see id.*). The next sentence buttresses this interpretation as Dr. Thorpe indicates that a certain plan including drugs, therapy, and training, "could [] contribute to this brighter future" (*see id.*). The opinion does not indicate that Dr. Thorpe thought that plaintiff had that same increased chance at being able to return to work in the present tense or that it necessarily would happen in the future, but she indicated that it *could* happen (*see id.*).

The ALJ gave some weight to the opinion of Dr. Thorpe (AR. 28). The ALJ found that medical evidence supports Dr. Thorpe's opinion "that the claimant would be able to work with a reduction in her anxiety," (*id.*). Defendant contends that "the ALJ reasonably

concluded that the opinion supported the ALJ's conclusion that plaintiff would be able to work" (Defendant's Brief, Dkt. 15, p. 10). However, if the ALJ's determination regarding non-disability is based on the conclusion that plaintiff would be able to work in the future, if a certain circumstance presented itself, the ALJ would be making his determination regarding whether or not plaintiff would be disabled in the future, after the ALJ's decision. The problem with this argument is that the ALJ did not base his conclusion of non-disability on a finding that plaintiff would be able to work, but premised the ultimate conclusion on a finding that plaintiff had a residual functional capacity that allowed plaintiff to work at jobs existing in significant numbers in the national economy "from September 1, 2003 through the date of the decision," November 6, 2013 (AR. 30). Defendant's argument that the ALJ concluded that plaintiff would be able to work in the future undermines the ALJ's actual conclusion in his written decision that plaintiff contemporaneously and previously, was able to work.

Contrary to defendant's argument, Dr. Thorpe's opinion does not support the ALJ's conclusion that plaintiff was able to work at that time. Dr. Thorpe's opinion that plaintiff would have a better prospect for returning to work and having a "brighter future," if her anxiety decreases and her confidence increases indicates that those conditions had not yet been met and plaintiff did not yet have "a better prospect for returning to work" (AR. 880). Defendant also argues that "even assuming that this were the only reasonable interpretation of Dr. Thorpe's opinion, a statement by medical source that the claimant is 'disabled' or 'unable to work' is an opinion on an issue reserved to the Commissioner and is not a medical opinion" (Dkt. 15, p. 10 (*citing* 20 CFR §§

404.1527 (d), 416. 927 (d)). It is true that the ultimate determination regarding disability is an issue reserved to the Commissioner. However, Dr. Thorpe did not give an opinion regarding whether or not plaintiff contemporaneously was disabled pursuant to statute. Instead, Dr. Thorpe opined, as a psychological doctor, that plaintiff would have a better chance at being able to return to work when her anxiety decreased and her confidence increased (AR. 80). This is significant probative evidence that needed to be addressed appropriately by the ALJ.

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.  The ALJ did not provide any reason for rejecting the opinion from Dr. Thorpe that plaintiff needed to experience a reduction in anxiety and an increase in confidence in order to have a better prospect of being able to work. Because this opinion is based on Dr. Thorpe's mental status examination, among other things, and is significant, probative evidence, the ALJ erred by disregarding it.

In addition, according to the Ninth Circuit, doctors "'may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work.'" *Garrison v Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (*quoting Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998)). Although "'the administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, [] he cannot reject them without presenting

clear and convincing reasons for doing so.'" *Reddick, supra*, 157 F.3d at 725 (*quoting Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (other citations omitted)). A doctor's "opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record." *Id.* (*citing Lester*, 81 F.3d at 830). Therefore, contrary to defendant's assertion, even a doctor's opinion on the ultimate issue of disability only can be rejected by providing specific and legitimate reasons. *See id.*

Therefore, the Court concludes that the ALJ erred when he did not provide "specific and legitimate reasons that are supported by substantial evidence in the record" for the failure to adopt the opinion of Dr. Thorpe that plaintiff would have a better prospect of being able to return to work after her anxiety reduced and her confidence increased. *See Lester*, *supra,* 81 F.3d 821 at 830-31. The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-

56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, the ALJ disregarded an opinion from an examining psychologist that plaintiff needed to experience a reduction in anxiety and increased confidence before she would have a better prospect of being able to return to the workforce. The Court cannot conclude with confidence that no reasonable ALJ, when fully crediting this opinion, could have reached a different disability determination." *Marsh*, *supra,* 792 F.3d at 1173 (*citing Stout, supra,* 454 F.3d at 1055-56). Therefore, this error is not harmless.

   (2)    **Whether or not the ALJ erred when he did not find that plaintiff's medical conditions of fibromyalgia and migraine headaches are severe impairments.**

The Court has concluded that the ALJ erred when evaluating the medical evidence, *see supra*, section 1. For this reason, and based on the record as a whole, the Court also concludes that the ALJ following remand of this matter should review anew all of the medical evidence. Therefore, plaintiff's allegations that her fibromyalgia and migraine headaches are severe impairments will be evaluated anew following remand of this matter.

However, the Court notes briefly plaintiff's argument that her fibromyalgia was diagnosed "with references to the necessary 18 tender points under the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia" (Dkt. 14, p. 9

(*citing* AR. 467, 628, 660, 664 ("18/18 tender points associated with fibromyalgia are positive including medial knees, buttocks, and multiple points neck/upper back"), 666)). The Court also notes plaintiff's argument that "the ALJ never referred to plaintiff's fibromyalgia, or the symptoms she experiences from it, in his determination of a residual functional capacity" (*see id*. at 10). The Court is not persuaded by defendant's argument that this is harmless error (*see* Dkt. 15, p. 7). The ALJ should explicitly evaluate plaintiff's fibromyalgia following remand of this matter and correct this error. *See Flores, supra*, 49 F.3d at 570-71 (*quoting Vincent*, *supra*, 739 F.2d at 1395 (*quoting Cotter, supra,* 642 F.2d at 706-07) (the Commissioner "may not reject 'significant probative evidence' without explanation")).

> (3)     **Whether or not the ALJ erred when he found plaintiff not fully credible concerning her functional limitations in his residual functional capacity determination.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, sections 1 and 2. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter. Similarly, as already noted, all of the medical evidence, including evidence regarding plaintiff's obesity, should be evaluated anew following remand of this matter.

<u>CONCLUSION</u>

The ALJ noted a medical opinion that plaintiff would be able to work in the future when certain conditions were met, and indicated that this opinion was supported by

1   medical evidence. However, the ALJ failed to explain why he rejected the clear

2   implication from this opinion that plaintiff contemporaneously was not able to work. The

3   ALJ also erred in failing to discuss evidence of plaintiff's fibromyalgia.

4          Based on the stated reasons and the relevant record, the Court **ORDERS** that this

5   matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

6   405(g) to the Acting Commissioner for further consideration consistent with this order.

7          **JUDGMENT** should be for plaintiff and the case should be closed.

8   Dated this 18th day of March, 2016.

9

10

11                                          J. Richard Creatura
                                            United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 11